**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| WASHINGTON METROPOLITAN ) <br> AREA TRANSIT AUTHORITY ) <br> 600 5th St., N.W. ) <br> Washington, D.C.  20001 ) <br> ) <br>       Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KISKA CONSTRUCTION CORPORATION - USA ) <br> 10-34 44th Drive ) <br> Long Island, New York 11101-7014 ) <br>     a Partner in KISKA-KAJIMA, a Joint Venture ) <br> ) <br>       and ) <br> ) <br> KAJIMA ENGINEERING AND ) <br> CONSTRUCTION, INC. ) <br> 200 S. Los Robles Ave., # 400 ) <br> Pasadena, California 91101 ) <br>     a Partner in KISKA-KAJIMA, a Joint Venture ) <br> ) <br>       Defendant. ) <br> ) <br> Serve:    Mr. Selim Akyus, P.E. ) <br>              Vice President/Engineering & Dev. ) <br>              KiSKA Construction Corp. - U.S.A. ) <br>              10-34 44th Drive ) <br>              Long Island, New York 11101-7014 ) | Case No. _____ |

**COMPLAINT FOR DECLARATORY JUDGEMENT**

1.    This is a an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, for the purpose of determining a question of actual controversy between the parties as more fully set forth below.

PARTIES

2.      The Plaintiff, WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY (hereinafter "WMATA"), WMATA is an interstate compact agency and by the terms of its enabling legislation, Public Law No. 89-774, 80 Statutes 1324 (1966) codified at D.C. Code § 9-1107.01 (2001 Ed.), is a common agency and instrumentality of the District of Columbia, State of Maryland, and Commonwealth of Virginia formed to plan, finance, construct and operate a comprehensive mass transit system for the Washington Metropolitan Area.

3.      The Defendant, KISKA-KAJIMA (hereinafter "KiSKA"), is a joint venture formed on February 1, 1994 by KiSKA Construction Corporation - U.S.A., a construction company incorporated under the laws of Delaware and with its principal place of business in New York, and by Kajima Engineering and Construction, Inc., a construction company incorporated under the laws of California and with its principal place of business in Pasadena, California.

4.      KiSKA Construction Construction Corporation - U.S.A. is the Managing Party of KiSKA-Kajima Joint Venture.

JURISDICTION AND VENUE

5.      Jurisdiction is proper pursuant to the terms of Article 81 of the WMATA Compact, the D.C. Code § 9-1107.01(81) (2001 Ed.), which confers original jurisdiction in this Court for cases and controversies by or against WMATA.

6.      Venue is properly situated in this Court pursuant to 28 U.S.C. § 1391(b) because all of the acts giving rise to this dispute arose in the District of Columbia.

## FACTS

7.     On or about February 25, 1994, WMATA awarded Contract No. 1E0023 to KiSKA for the construction of twin, single-track earth tunnels, an access shaft, fan shaft, and vent shaft in Northwest Washington, DC (hereinafter "Contract").  The Project was known as Section E-2c or the 14th Street Tunnels.

8.     Thereafter, KiSKA undertook to construct the 14th Street Tunnel Project pursuant to the provisions of the Contract.

9.     KiSKA substantially completed the work on May 22, 1997.

### United States District Court Litigation and Appeals

10.    On November 10, 1997, KiSKA filed a Complaint in this Court, <u>KiSKA Construction Corporation - U.S.A. and Kajima Engineering and Construction, Inc., partners in KiSKA-Kajima Joint Venture v. Washington Metropolitan Area Transit Authority</u>, Civil Action, No. 1:97CV02677, against WMATA seeking between monetary damages for fraudulent misrepresentation, negligent misrepresentation, unilateral mistake, breach of contract, and quantum meruit.

11.    In response to KiSKA's Complaint, WMATA filed a Motion to Dismiss for Lack of Jurisdiction or, in the alternative, for Summary Judgment contending that the KiSKA must exhaust its administrative remedies before the Board of Contract Appeals.

12.    KiSKA opposed that motion, and on June 19, 1998, the Court denied WMATA's Motion.

13.    During the course of discovery and throughout the trial, KiSKA steadfastly maintained that all claims relating to the Contract were before the Court in Case Number 1:97CV02677.  Specifically, in a November 10, 1998 letter, counsel for

KiSKA, Mark A. Sgarlata, assured WMATA that "[a]s KiSKA-Kajima seeks recovery of **all** costs incurred in the performance of the subject contract as a result of, among other things, WMATA's fraudulent and negligent misrepresentation and material breaches of contract, there are **no outstanding claims which relate to the E-2c Contract**. (emphasis added).  See November 10, 1998 letter, a copy of which is attached hereto as Exhibit A.

14.  On January 22, 2001, the trial commenced in Civil Action No. 1:97CV02677 and continued until March 5, 2001.

15.  During the trial, KiSKA presented its alleged damages to the jury using the modified total cost approach.  Under the modified total cost approach, KiSKA sought damages for all unpaid contract-related costs, other than those costs for which the KiSKA accepted responsibility.  See Trial Exhibit # 690, "Undated Report of Modified Total Cost Method September 2000" prepared by Jeffrey E. Fuchs, P.E., CPA, a copy of which is attached hereto as Exhibit B.

16.  On March 5, 2001, the jury rendered a verdict in favor of WMATA and the Court entered judgment on March 23, 2001.  See Judgment on the Verdict for Defendant dated March 23, 2001, a copy of which is attached hereto as Exhibit C.

17.  Thereafter, KiSKA filed an appeal with the United States Court of Appeals for the District of Columbia Circuit, KiSKA Construction Corporation, U.S.A., and Kajima Engineering and Construction, Incor., A Partner in KiSKA-Kajima, A Joint Venture, v. Washington Metropolitan Area Transit Authority, No. 01-7156.

18.  On March 11, 2003, the Court of Appeals affirmed the decision of the District Court and denied KiSKA's appeal, <u>KiSKA Const. Corp. v. Washington Metropolitan</u>

Area Transit Authority, 321 F.3d 115, cert. denied, KiSKA Const. Corp.-USA v. Washington Metropolitan Area Transit Authority, 124 S.Ct. 226, 157 L.Ed.2d 252, 72 USLW 3093, 72 USLW 3230, 72 USLW 3246 (U.S. Oct 06, 2003) (NO. 03-66).

Administrative Litigation

19.     After the denial of certiorari by the United States Supreme Court, KiSKA filed a claim on January 5, 2004 with the Contracting Officer seeking payment under the Contract.

20.     By letter dated April 15, 2004, WMATA informed KiSKA that all of KiSKA's claims relating to the Contract were fully adjudicated before the United States District Court in Case No. 1:97CV02677 and the subsequent appeals.  See WMATA's April 15, 2004 Letter, a copy of which is attached hereto as Exhibit D.

21.     On May 10, 2004, KiSKA initiated proceedings before the Armed Services Board of Contract Appeals (hereinafter "ASBCA") seeking the payment of the contract retainage and certain other costs for alleged changes which the ASBCA docketed as the Appeal of KiSKA Construction Corporation-USA and Kajima Engineering & Construction, Inc., a Joint Venture (KiSKA), ASBCA Nos.: 54613 & 54614.  See Notices of Docketing dated May 14, 2004, copies of which are attached hereto as Exhibit E.

22.     On June 16, 2004, KiSKA filed a Complaint at the ASBCA alleging that "[t]he dispute herein arises out of the failure and refusal to pay KiSKA amounts which were duly earned during the performance of the contract."  See Paragraph 10 of KiSKA's Complaint, a copy of which is attached hereto as Exhibit F.

5

23.   The Complaint alleged, *inter alia*, that pursuant to the Contract provisions, KiSKA was owed $1,246,017.74. See Paragraph 27 of Exhibit F.

24.   In the Complaint, KiSKA seeks money damages from WMATA in the amount of $1,246,017.74.

25.   At no time between substantial completion of the Contract on May 27, 1997 and final adjudication by the Supreme Court of the United States on October 6, 2003, did KiSKA pursue the alleged claims at the ASBCA.

Declaratory Relief is Appropriate

26.   For the reasons set forth above, there exists an actual controversy between the Plaintiff and the Defendant, involving the rights and liabilities of the parties hereto under the Contract.

27.   Said controversy would best be determined by this Court, particularly in light of the prior adjudication in Case No. 1:97CV02677.

WHEREFORE, Plaintiff, Washington Metropolitan Area Transit Authority prays for the following relief:

1.   That the Court declare that all matters between Plaintiff and Defendant relating to Contract 1E0023 were fully adjudicated in <u>KiSKA Construction Corporation - U.S.A. and Kajima Engineering and Construction, Inc., partners in KiSKA-Kajima Joint Venture v. Washington Metropolitan Area Transit Authority</u>, Civil Action, No. 1:97CV02677 and the subsequent appeals;

2.   That the Court declare that Defendant's claims against WMATA pending before the ASBCA, docket are barred by res judicata and/or collateral estoppel;

3.   That the Plaintiff be awarded its costs, fees and expenses incurred in this suit;

and

4.   Any and all other relief to which the Plaintiff may be entitled.


        Respectfully Submitted,

        WASHINGTON METROPOLITAN AREA
        TRANSIT AUTHORITY

        Cheryl Burke #202226
        General Counsel

        Carol B. O'Keeffe # 445277*
        Principal Deputy General Counsel


        _____
        Donald A. Laffert # 429575
        Associate General Counsel
        Washington Metropolitan Area Transit
            Authority
        600 Fifth Street, N. W.
        Washington, D.C.  20001
        202-962-1499

        Counsel for Plaintiff


* Not admitted to the Bar of this Court.

N:\RESTRICT\ADMLAW\54613DL04.com.wpd